[Crim. No. 3482. In Bank.—May 9, 1932.]

THE PEOPLE, Respondent, v. PAT NOBLES, Appellant.

Willis O. Tyler for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

SHENK, J.—The defendant appeals from judgments entered upon verdicts of guilty on counts charging him with the crime of murder in the first degree and of attempted murder, and verdicts that the defendant was sane at the time of the commission of the crimes. The verdict of murder in the first degree was rendered by the jury without recommendation and sentence of death was pronounced as required by law.

Upon the trial of the issues raised by the pleas of not guilty, the defendant offered himself as a witness in his own behalf. In the course of the cross-examination of the defendant he was asked by the district attorney whether he had ever been convicted of a felony, to which he replied in the negative, and whether or not he had ever been convicted of the crime of assault to murder and served a sentence of eleven years in the state penitentiary at Huntsville, Texas, to which the same answer was given. The defendant testified that he may have admitted to one of the arresting officers that he had served such a term, but denied that there was any truth in the statement. The district attorney offered in evidence for the purpose of impeachment a copy of a judgment, sentence, mandate and description sheet in the matter of *The People of the State of Texas* v. *Pat Nobles,* certified by the chief of the bureau of records and identification, Texas prison system, and acknowledged before a notary public in the state of Texas. The introduction of this evidence was objected to and the objection was sustained by the court on the ground that it was not properly authenticated, the copy being certified only and not exemplified. The district attorney then withdrew the offer. Upon objection sustained to any further attempt to impeach the defendant on the foundation laid upon the cross-examination referred to, the court instructed the jury as follows: "I want to instruct the jury that satisfactory evidence not having been produced of a previous conviction of a felony, you are not to draw any inference from any questions asked or evidence offered that the defendant had previously been convicted of a felony, and for that purpose it will be your duty to consider that the defendant has not previously been convicted of a felony." Prejudicial error is urged by the defendant by reason of the foregoing proceedings.

The defendant does not question the sufficiency of the evidence to sustain the jury's verdicts. The defendant and his wife Luberta Nobles had been separated and lived apart for many months. The wife was living with her sister at 1816 E. Fifty-third Street in the city of Los Angeles. There is abundant creditable testimony in the record that at about 7 o'clock on the evening of March 29, 1931, Luberta Nobles and the decedent, Vones, were engaged in conversation on the front porch of the house at the address just mentioned, when the defendant turned into the front walk and approached the front steps; that Luberta Nobles said to Vones: "Here comes my husband—you better run." That at about the same time the defendant said: "This is just where I want to catch you." Vones and the defendant's wife climbed over the porch railing and the defendant gave chase to Vones, whom he pinned down on a wood-pile in the back yard of a next-door neighbor and slashed with a sharp instrument, inflicting, among other wounds, a deep cut across the throat almost from ear to ear, which severed both jugular veins and from the effects of which Vones died on the porch of the other next-door neighbor, which he succeeded in reaching. The defendant then sought out his wife at the home of another sister on the same block, chased her from the rear of the house through the front door into the street, pulled her down and was in the act of giving her several, but not fatal, cuts across the throat and elsewhere when he was stopped by a sixteen year old boy, who struck him over the head with a scantling.

There is no contention that the defendant did not commit the acts recited, but it is urged that if the offer of the prison record, ruled as improper by the trial court, had not been made, the jury might have treated the defendant more mercifully by making a recommendation of life imprisonment in their verdict. Without going into the facts in any further detail, and considering the very strict admonition given to the jury by the trial court, it must be concluded on the record in this case that the record of the prior conviction was offered by the district attorney in good faith and that it is not probable that the jury would have rendered any different verdict had the offer of the certified copy of the prison record in Texas not been made.

No other point is presented. The defendant was accorded a full and fair trial and was not prejudiced in any of his rights during the course of the trial.

The judgment is affirmed.

Seawell, J., Curtis, J., Preston, J., and Waste, C. J., concurred.